MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG
LISA ZORNBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

bjacobs@maglaw.com
212-880-9536
#

COUNSEL
JOSHUA BUSSEN
PIPPA HYDE***
KEFIRA WILDERMAN

RETIRED/PARTNER EMERITUS
PAUL R. GRAND

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT
***ALSO ADMITTED IN ENGLAND AND WALES

January 7, 2026

**BY ECF**

Hon. Ronnie Abrams
United States District Judge
United States Courthouse
40 Foley Square, Room 2203
New York, NY 10007

      Re:    <u>United States v. Michael Hild</u>, 19 Cr. 602 (S.D.N.Y.) (RA) (KHP)

Dear Judge Abrams:

      I am counsel for defendant Michael Hild, and I write respectfully to request that the Court grant Mr. Hild continued bail pending a petition for certiorari in the U.S. Supreme Court. This Court previously entered an order granting Mr. Hild bail pending appeal, finding that Mr. Hild met the factors set forth in the Bail Reform Act, *see* 18 U.S.C. § 3143. ECF No. 154. On December 29, 2025, the Second Circuit issued its mandate affirming the judgment of this Court. For the same reasons this Court granted bail pending appeal, this Court should enter an order continuing Mr. Hild's bail pending the Supreme Court's resolution of Mr. Hild's petition for certiorari, which Mr. Hild anticipates filing on or before March 23, 2026. The government objects to this request.

      The Bail Reform Act—under which this Court previously granted Mr. Hild bail pending appeal—sets the identical standard for bail pending appeal as for bail pending certiorari. *See* 18 U.S.C. § 3143(b)(1) (setting same standard for defendant "who has filed an appeal *or a petition for a writ of certiorari*" (emphasis added)). The fact that the Second Circuit affirmed the judgment does not change anything about this Court's prior determination that Mr. Hild meets the factors in the Bail Reform Act for bail pending certiorari, and as a result, the Bail Reform Act requires that bail be continued. *See* 18 U.S.C. § 3143(b)(1) (judicial officer who makes such findings "shall order the release" of the defendant on bail).

      As this Court explained, district courts may grant bail where they determine: (1) the defendant is not likely to flee or pose a danger, (2) the appeal is not for the purpose of delay, (3) the appeal raises a substantial question of law or fact, and (4) if the substantial question is

Morvillo Abramowitz Grand Iason & Anello P. C.

January 7, 2026
Page 2

determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial on all counts on which imprisonment has been imposed. ECF No. 154 at 1. This Court found that the first two factors are "plainly met." ECF No. 154 at 2. As to the third factor, this Court found that Mr. Hild's appeal would present the "substantial question" of whether Mr. Hild's claim that his trial counsel was ineffective should be analyzed through "the familiar lens of *Strickland v. Washington*, 466 U.S. 668 (1984)," or "under the more lenient standard of *Cuyler v. Sullivan*, 446 U.S. 335 (1980)." ECF No. 154 at 2-3. As to the fourth factor, this Court found the factor met because if the Second Circuit were to issue a ruling contrary to this Court's prior ruling, that decision "would likely require reversal of the conviction or a new trial." ECF No. 154 at 3.

The Second Circuit resolved the issue of whether *Strickland* or *Sullivan* governs Mr. Hild's ineffective assistance claim "for the reasons stated" by this Court without elaboration, *see* ACMS No. 80, and Mr. Hild intends to ask the Supreme Court to review this same claim. Thus, this Court should grant Mr. Hild continued bail pending certiorari under the Bail Reform Act for the same reasons this Court granted him bail pending appeal. *See* 18 U.S.C. § 3143(b)(1).

District courts confronting similar circumstances, including this Court, have continued bail pending certiorari. In *United States v. Rafsky*, No. 85-cr-303, 1987 WL 7196 (E.D. Pa. Feb. 26, 1987), decided soon after the Bail Reform Act was adopted, U.S. District Judge Louis H. Pollak employed precisely the analysis Mr. Hild is asking this Court to employ here. There, Judge Pollack granted bail pending the defendant's appeal to the Third Circuit, and following the Third Circuit's affirmance of the conviction, granted pending certiorari over the government's objection due to the Bail Reform Act setting the same standard for what qualifies as a substantial question. Judge Pollak wrote:

> The parties' arguments are quite simple. The government argues that the Third Circuit's decision proves that I was wrong to grant bail pending appeal the first time around, and that I should not compound my error by granting bail pending petition for certiorari. Rafsky argues that I was right the first time around, and that the government has given me no reason to change my mind. I agree with Rafsky.

> I continue to be of the view that the question of statutory interpretation underlying these appeals is "significant," "substantial," and "debatable among jurists of reason." Under the law of this circuit, no more objective standard is to be applied. If an issue which has been unanimously decided by the other circuits may or may not be significant, I cannot, with all due respect, conclude that the Third Circuit's affirmance is dispositive of the significance of the issue. As the government does not argue that the conviction can stand if the Third Circuit's interpretation of the statute falls, I shall grant defendant's motion to continue bail and deny the government's motion to revoke bail.

Morvillo Abramowitz Grand Iason & Anello P. C.

January 7, 2026
Page 3

*Rafsky*, 1987 WL 7196, at \*2 (other internal quotation marks, citation, and alterations omitted); *see also United States v. Conroy*, 2009 WL 10706742, at \*2 (S.D. Miss. Oct. 13, 2009) (granting bail under the Bail Reform Act pending ruling on the petition for writ of certiorari following the Fifth Circuit's affirmance of conviction).

In *United States v. Archer*, No. 16-cr-371(RA) (S.D.N.Y. Aug. 25, 2023) (ECF No. 1080), this Court continued the defendant's bail pending his anticipated petition for certiorari, albeit on the government's consent, for the "same reasons" it granted bail pending appeal to the Second Circuit:

> For the same reasons articulated in the Court's prior order granting Defendant Archer bail pending the resolution of his appeal to the Second Circuit, and in light of the Government's consent, the Court finds that he is entitled to bail until the Supreme Court rules upon his anticipated petition for *certiorari*. *See Morrison v. United States*, 486 U.S. 1306, 1306 (1988) (observing that the "standard for determining whether a convicted defendant is entitled to be released pending a certiorari petition is clearly set out in [Section] 3143(b), and the only real issue [for such an] application is whether the appeal raises a substantial question of law or fact" which, if decided in the defendant's favor, would "result in reversal, or order for a new trial, or a sentence that does not include a term of imprisonment"); Order, Dkt. 55, *United States v. Cohen*, No. 1:98-cr-434 (TPG) (S.D.N.Y. 2000) ("Since the [defendant] has remained on bail for almost a year and a half during the appeal process thus far, and no problems have arisen, there is no good reason for revoking bail prior to the completion of the [Supreme Court appeal] process.").

Order at 1, *Archer*, No. 16-cr-371(RA) (S.D.N.Y. Aug. 25, 2023) (ECF No. 1080).

The equities also favor continuation of bail. Mr. Hild has complied scrupulously with every condition set by the Court for more than six years. During that same period, and under the Court's orders and the government's freezes, he has maintained responsibility for managing and preserving assets connected to the case. Mr. Hild's continued compliance also ensures orderly management of assets that otherwise risk unnecessary deterioration and administrative disruption, including burdens falling on third parties who are not realistically positioned to assume those responsibilities. There is no suggestion of flight risk, danger, or non-compliance. Mr. Hild has demonstrated consistent reliability, respect for the Court's orders, and commitment to orderly process. Continuing existing conditions for the brief period pending certiorari preserves the status quo.

Morvillo Abramowitz Grand Iason & Anello P. C.

January 7, 2026
Page 4


   Accordingly, for the reasons this Court previously articulated in setting bail pending appeal, this Court should grant Mr. Hild continued bail pending the Supreme Court's resolution of his forthcoming petition for certiorari.


          Respectfully submitted,

          */s/ Brian A. Jacobs*

          Brian A. Jacobs

cc: All counsel (by ECF)